UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Spencer Clay Utsey, # 192660, | ) C/A No. 8:11-3173-JMC-JDA |
| Petitioner, | ) |
| v. | ) Report and Recommendation |
| Willie J. Bamberg, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a county detention center inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Petitioner is an inmate at the Orangeburg County Detention Center (OCDC), serving a forty-five-day sentence for Driving Under the Influence. He alleges that the sentence was issued by a County Magistrate Judge and that he has been "held over" beyond his proper release date due to an allegedly unconstitutional disciplinary violation conviction. Petitioner claims that his "good time credit" was wrongfully taken from him (his paperwork does not show a check mark indicating that taking of his good time was part of his discipline), and that he should have been released in October. There is no indication in any of the document submitted in this case showing that he raised this "hold-over sentence" issue

through a Post Conviction Relief (PCR) application to the Orangeburg County Court of Common Pleas or through any other state court action.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached

2

exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## ANALYSIS

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because Petitioner has not exhausted his state remedies. With respect to his state Magistrate Court conviction and sentence, the majority view is that Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254, *see Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004)(state inmate challenging execution of sentence must proceed under 28 U.S.C. § 2254, not 28 U.S.C. § 2241), which can be sought only after Petitioner has fully exhausted his state court remedies.[1] *See* 28 U.S.C. § 2254(b); *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241). As noted above, this Court is construing Petitioner's claim as one of an "expired sentence" or a "hold-over sentence," which he claims to be the result of an

---

[1] *See Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001) (same); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)(same); *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000) (same). The Fourth Circuit Court of Appeals has recognized the split of authority regarding whether a state inmate may proceed under § 2241 for manner of sentence execution claims, but has taken no authoritative stand on either side of the split. *See Gregory v. Coleman*, No. 06-6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007); *see also Meeks v. McKoy*, No. 09-6208, 2010 WL 1050047 (4th Cir. March 23, 2010)(holding that § 2254's one year statute of limitations applied to petitioner's challenge of his disciplinary conviction in state habeas action submitted originally through a § 2254 petition)

unconstitutional disciplinary violation conviction by OCDC. He claims that his "good time credit" was taken from him as a result of this conviction and that, as result, his sentence, which should have ended in October, wrongfully continues. Although he alleges that he wrote several grievance forms to officials at OCDC, as stated above, there is no indication that Petitioner filed any kind of state court action to seek review of the disciplinary conviction before filing this federal habeas corpus action.

Review of applicable South Carolina state legal authority indicates that Petitioner's claim should have first been brought to the state courts' attention through a PCR action submitted to the Orangeburg County Court of Common Pleas. Such a claim is specifically referenced in the PCR statute, S.C. Code Ann. § 17-27-20(a)(5),[2] and was specifically exempted from review under the South Carolina Administrative Procedures Act by the South Carolina Supreme Court in its landmark *Al-Shabazz v. State*, 527 S.E. 2d 742, 749 (2000) decision.[3] Moreover, even if Petitioner had properly, but unsuccessfully, pursued

---

[2] This section reads in pertinent part:

(a) Any person who has been convicted of, or sentenced for, a crime and who claims:
   . . . .

(5) *That his sentence has expired*, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint; . . . may institute, without paying a filing fee, a proceeding under this chapter to secure relief. Provided, however, that this section shall not be construed to permit collateral attack on the ground that the evidence was insufficient to support a conviction.

(emphasis added).

[3] *Al-Shabazz* affected the manner by which South Carolina Department of Corrections (SCDC) inmates exhaust their state court remedies, requiring them to pursue most "manner of execution"-type claims (sentence credits/disciplinary violations involving

4

a PCR case in Orangeburg County, under applicable state law, he still would have been required to pursue until termination a petition for writ of certiorari to the South Carolina Supreme Court before it could be said that his state court remedies were exhausted. *See* S.C. Code Ann. § 17-27-100; SCACR 243.

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977). Since Petitioner has a viable state court remedy which has not been fully utilized, this federal Court should not keep this case on its docket while Petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D. N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also Lawson v. Dixon*, 3 F. 3d 743, 749 n. 4 (4th Cir. 1993)( "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

---

good time credits) through the SCDC two-step administrative remedy and, then, to seek review through the South Carolina Administrative Law Court (ALC) and ultimately, the South Carolina Court of Appeals. S.C. Code § 12-60-3380 (appeals from ALC go to Court of Appeals). Although Petitioner's claim *could* be construed as one seeking review of an OCDC disciplinary violation conviction resulting in the taking of good time credits, neither *Al-Shabazz* nor the state statutes and rules regarding ALC jurisidiction reference such claims arising from county jails. *See* S.C. Code §§ 1-230-310; 1-23-610. They only reference cases arising from *state* agencies such as SCDC. Because this Court has no way of knowing the grievance procedures for each county detention center in South Carolina or whether or not any such process is fully operative, and since there is no direct review in the ALC from county jail disciplinary violation convictions, Petitioner's "expired sentence" claim seems most appropriately reviewed by a PCR court situated in the county where the subject jail is located.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

                                                                     s/Jacquelyn D. Austin
                                                           United States Magistrate Judge

December 19, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 E. Washington Street, Rm. 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).